IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 29, 2020

**STATE OF TENNESSEE v. CARL ALLEN**

**Appeal from the Criminal Court for Shelby County**
**Nos. 12-03282, 13-00646, 13-00647, 13-00648, 13-00649, 13-00650, 13-03847, 13-03848, 13-03849, 13-04284        Lee V. Coffee, Judge**

———————————————

**No. W2019-02162-CCA-R3-CD**

———————————————

Defendant, Carl Allen, is appealing the trial court's denial of his motion to correct illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ. joined.

Carl Allen, Memphis, Tennessee, Pro Se

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kristen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 23, 2014, Defendant pled guilty to multiple theft and burglary charges. The following table reflects the disposition of the various charges from Defendant's plea agreement:

| Case No. | Ct. | Charge | Conviction | Sentence | Concurrent with | Consecutive to |
|---|---|---|---|---|---|---|
| 12-03282 | 1 | agg. burglary | agg. burglary | 6 years | | |
| | 2 | theft > $1000 | theft > $1000 | 4 years | Ct. 1 | 13-00648, 13-00650, 13-02283 |
| 13-00646 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2, 13-00647 | 13-00648, 13-00650, 13-02283 |
| | 2 | theft > $10,000 | theft > $10,000 | 6 years | Ct. 1, 13-00647 | 13-00648, 13-00650, 13-02283 |
| 13-00647 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2 | 13-00649 |
| | 2 | theft > $1000 | theft > $1000 | 4 years | Ct. 1 | 13-00649 |
| 13-00648 | | agg. burglary | agg. burglary | 6 years | 13-00650 | |
| 13-00649 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2, 13-02283, 13-00650, 13-00648 | 13-04284, 13-03847 through -03849, 13-00646 |
| | 2 | theft > $1000 | theft > $1000 | 4 years | Ct. 1, 13-02283, 13-00650, 13-00648 | 13-04284, 13-03847 through -03849 |
| 13-00650 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2; 13-00648 | |
| | 2 | theft > $10,000 | theft > $10,000 | 6 years | Ct. 2;13-00648 | |
| 13-02283 | | | sex off. reg. | time served | | |
| 13-02284 | | fail to app. | | dismissed | | |
| 13-03847 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2 | 13-00648, 13-00650, 13-02283 |
| | 2 | theft > $10,000 | theft > $10,000 | 6 years | Ct. 1 | 13-00648, 13-00650, 13-02283 |
| | 3 | theft > $1,000 | | dismissed | | |
| 13-03848 | 1 | theft > $60,000 | theft > $10,000 | 6 years | Ct. 2, 13-03847, 13-03849 1 | 13-00648, 13-00650, 13-00283 |
| | 2 | agg. burglary | agg. burglary | 6 years | Ct. 1, 13-03847, 13-03849 | 13-00648, 13-00650, 13-00283 |
| 13-03849 | 1 | theft > $60,000 | theft > $10,000 | 6 years | Ct. 2, 13-03847, 13-03848 | 13-00648, 13-00650, 13-00283 |
| | 2 | agg. burglary | agg. burglary | 6 years | Ct. 1, 13-03847, 13-03848 | 13-00648, 13-00650, 13-00283 |
| 13-03879 | | | theft < $500 | time served | | |
| 13-04284 | 1 | agg. burglary | agg. burglary | 6 years | Ct. 2, 13-00647 | 13-00648, 13-00650, 13-00283 |
| | 2 | theft > $1,000 | theft > $1,000 | 4 years | Ct. 1, 13-00647 | 13-00648, 13-00650, 13-00283 |

1

---

[1] The record does not contain the indictments or judgment forms for cases 13-02283, 13-02284, and 13-03819.

At the guilty plea hearing, the prosecutor read aloud each charge, the agreed sentence for each charge, and whether the sentence was to be served consecutively or concurrently. Due to Defendant's participation in a separate proceeding, the State said that they were "going to step out on a very thin limb and recommend that [Defendant] be placed on community corrections for a period of twelve years." The State summarized the facts that would have been shown for each count if Defendant had proceeded with a trial. Defendant stipulated to the facts and asked the trial court to accept the negotiated plea agreement. During the plea colloquy, Defendant acknowledged that his attorney explained everything to him and that he understood his rights. The trial court explained each charge to Defendant and the range of potential sentences. The trial court went over each case and informed Defendant that the sentences for each count would run either concurrently or consecutively as indicated on the plea forms. The trial court accepted the negotiated plea and sentenced Defendant to an effective sentence of twelve years to be served on community corrections.

On October, 4, 2018, the trial court revoked Defendant's community corrections and required Defendant to serve his twelve-year sentence in confinement. On October 14, 2019, Defendant filed a motion to correct illegal sentence. Defendant claimed that he was not eligible for community corrections due to prior convictions for sexual battery, assault, vandalism, and unlawful possession of a weapon.[2] The trial court summarily denied the motion on November 18, 2019. Defendant timely filed a notice of appeal.

*Analysis*

Defendant argues that the trial court erred by denying his motion to correct illegal sentence. The State argues that Defendant's sentence is not illegal. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so

---

[2] There is nothing in the record about these prior convictions.

profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

Defendant contends that, because he was statutorily ineligible for community corrections in the first place, the trial court lacked the authority to resentence him under the terms of Tennessee Code Annotated section 40-36-106. Here, Defendant was originally sentenced to community corrections as part of his plea agreement. Nothing in the record, other than Defendant's own assertions, proves that he was ineligible for community corrections. The trial court found that Defendant qualified for community corrections under the "special needs" provision. *See* T.C.A §40-36-106(c). Accordingly, Defendant's initial sentence was not illegal even if he were otherwise ineligible for community corrections. *See State v. Adarion C. Morris*, No. M2018-02034-CCA-R3-CD, 2019 WL 6591465, at *3-4 (Tenn. Crim. App. Dec. 5, 2019), *no perm. app. filed.*

Defendant further argues that the trial court erred by not orally ordering any of his "sentences to be served consecutively to any of his specific sentences." The State argues that Defendant has waived the issue.

The record bears witness to the fact that Defendant did not raise this issue in his motion to correct illegal sentence. *See* Tenn. R. App. P. 36(a). "Appellate review generally is limited to issues that a party properly preserves for review by raising the issues in the trial court and on review." *State v. Minor*, 546 S.W.3d 59, 65 (Tenn. 2018). Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE